BASKIN, Judge.
After recovering from surgery connected with the birth of her fourth child, appellant obtained full-time employment in Miami. To keep the job, she was required to qualify as a resident alien. Consequently, appellant traveled to the Bahamas to obtain birth certificates. Before going to the Bahamas, appellant made arrangements for her children’s foster care with the state, signing a “waiver, consent and joinder” form at the request of an HRS social worker. The form, signed by appellant and the social worker, stated: “The undersigned hereby join in the foregoing Dependent [sic] petition waive notice of hearing thereof, and consent to the entry of an order granting same.” Appellant was not represented by counsel when she signed the waiver or at the subsequent dependency hearing, conducted in her absence. Appellant’s children, Betty and Mackey, were adjudicated dependent at this hearing. She left for Nassau at the end of October, 1976, and did not return to the United States until March, 1980. Upon her return, appellant sought to have her children returned to her custody. Counsel was appointed to represent her in February, 1981, and in March, 1982, appellant moved to dismiss the state’s petition for permanent commitment of her children to state custody and to vacate the prior adjudication of dependency. The trial judge deferred ruling on the permanent commitment petition and denied the motion to vacate. This appeal followed.
It appears to us that the cause is hot in an appropriate posture for decision as to the validity of appellant’s waiver. The trial court expressed its intention to maintain the children in their present circumstances until final disposition of the matter. The court stated:
And, so, I’m not going to grant, either the motions of either of the parties, here. I’m not going to return the child — children, and I’m not going to permanently deprive the mother by a permanent commitment. Because I think, that, if I did that, that I would effectively sever the— this family from these children. I don’t want to do that. I don’t want to do it, today.
What I’m going to do, is give this mother chance. I think, she deserves a chance — an opportunity to try and affect *180 some sort of relationship to develop some sort of bondings with these children.
I’m going to continue this ruling, for six months. And, during that six months, I want the mother to have every opportunity to be with the children.
And, I want HRS to do more than they have, in regard Mrs. Baptiste’s opportunity. I want them to — to arrive at every opportunity they can for the children to be with Mrs. Baptiste, consistent with Mrs. Right’s maintaining control over them, during this six months period.
And, the end of the six minths [sic] period, I want her to come back, find out what progress has been made.
How it will turn out, I don’t know. But, I’m going to reserve ruling on all other motions, and reset this for six months from today, based on what I have indicated in my statement.
Questions pertaining to the validity of appellant’s waiver of notice of the dependency hearing are appropriate factors to be considered by the trial court in its determination of permanent commitment of the children. We therefore affirm the denial of the Motion to Dismiss/and or Vacate Adjudication of Dependency without prejudice to the renewal of appellant’s contentions at the final hearing on termination of parental rights.
Affirmed.